**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KELLIE GILLOM,

    Plaintiff,

                v.                        Case No. 04-CV-74095-DT

RALPH THAYER AUTOMOTIVE LIVONIA, INC.
et al.,

    Defendants.
                                            /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S "MOTION FOR SUMMARY JUDGMENT"**

Pending before the court is Defendant Ralph Thayer Automotive Livonia, Inc.'s ("RTAL's") "Motion for Summary Judgment." This matter has been fully briefed and the court held a hearing on this motion on July 6, 2005. For the reasons stated more fully on the record, the court will grant in part and deny in part Defendant's motion.

**I. BACKGROUND**

Plaintiff brought this action against RTAL under seven theories: the (I) Truth in Lending Act, (II) Equal Credit Opportunity Act, (III) Fair Credit Reporting Act Adverse Action Notice, (IV) Statutory Conversion, (V) Motor Vehicle Sales Finance Act, (VI) UCC Article 9, and the (VII) Motor Vehicle Installment Sales Contract Act. (Pl.'s Compl. at ¶¶ 61-128.)

**II. FED. R. CIV. P. 56 STANDARD**

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law, and is, therefore, not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); Fed. R. Civ. P. 56(c).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to the nonmoving party. *Dunigan v. Noble*, 390 F.3d 486,492 (6th Cir. 2004) ("we must determine 'not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed.'") The court does not weigh the evidence to determine the truth of the matter, but must determine if the evidence produced creates a genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

### III.  DISCUSSION

The court will deny without prejudice Defendant's motion as to Counts I-III and V-VII for the reasons stated more fully on the record, but chiefly because at this juncture, Plaintiff's affidavit supports a genuine issue of fact as to each count mentioned. As for Count IV of Plaintiff's Complaint (statutory conversion), Mich. Comp. Laws § 600.2919a provides in relevant part that, in addition to any other right or remedy the person may have at law or otherwise, a person damaged as a result of:

> another person's buying receiving, possessing, concealing, or aiding in the concealment of any stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted

may recover 3 times the amount of actual damages sustained, plus costs and

reasonable attorney fees.  Mich. Comp. Laws § 600.2919a.

Plaintiff claims that RTAL "had no right to possess the vehicle at the time it repossessed the vehicle."  (Pl.'s Compl. at ¶109.)  Plaintiff further alleges that Defendant's actions "constitute a willful or intentional conversion under [Mich. Comp. Laws] § 600.2919a entitling Ms. Gillom to recover treble the value of the vehicle converted." (*Id.* at ¶113.)  Defendant, however, asserts that the statute "was not intended to provide a remedy against the person who converted the object, but those who assisted in the conversion."  (Def.'s Mot. at 6.)

Under Michigan law, the tort of conversion differs from statutory conversion in that the "tort of conversion is 'any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein.' . . . [while] [s]tatutory conversion, by contrast, consists of knowingly 'buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property.'" *Head v. Phillips Camper Sales & Rental, Inc.*, 593 N.W.2d 595, 603 (Mich. Ct. App. 1999) (citing *Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 606 (Mich. 1992)); Mich. Comp. Laws § 600.2919a.  In her Complaint, Plaintiff asserts that RTAL is the entity that illegally retook possession of the vehicle, however, the "statute is not designed to provide a remedy against the individual who has actually stolen, embezzled, or converted the property," but instead distinguishes between "the actions of those assisting and the actions of the principal."  *Marshall Lasser, PC v. George*, 651 N.W.2d

3

158, 162-63 (Mich. Ct. App. 2002); *Campbell v. Sullins*, 667 N.W.2d 887, 896 (Mich. Ct. App. 2003).

At the hearing, Plaintiff claimed that a third party contractor is the entity that actually converted the property, thus making RTAL liable for statutory conversion for possessing the already converted property.  However, the proposed distinction between the third party contractor and RTAL is not a valid distinction because they are in essence the same party.  RTAL merely hired a contractor to take physical possession of the vehicle on its behalf.  Here, RTAL did not simply assist in the alleged conversion, but was rather the principal actor and is therefore not liable for statutory conversion pursuant to Mich. Comp. Laws § 600.2919a.  Defendant's motion for summary judgment as to Count IV of the Complaint will be granted.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's Motion for Summary Judgment [Dkt. # 23 ] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.  It is granted as to Count IV of the Complaint and it is denied without prejudice as to Counts I-III, V-VII.


       S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: July 7, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2005, by electronic and/or ordinary mail.

                                           S/Lisa G. Teets
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522