**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

KELLIE GILLOM

       Plaintiff,

                                Case No. 04-CV-74095

v.

RALPH THAYER AUTOMOTIVE LIVONIA, INC.,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S
"MOTION FOR REHEARING AND/OR RECONSIDERATION"**

    On August 2, 2006, the court granted in part and denied in part the parties' cross-motions for summary judgment. Defendant filed the instant motion for reconsideration on August 14, 2006, in which it clarified its arguments concerning Counts III and V and again requested summary judgment for those counts. The court invited a response from Plaintiff, who filed the same on August 28, 2006. Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(1) & (g)(2). For the reasons stated below, the court will deny Defendant's motion.

**I. STANDARD**

    Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that

"correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

### A. Count III - Fair Credit Reporting Act ("FCRA")

Plaintiff alleges that Defendant violated the FCRA, 15 U.S.C. § 1681 *et seq*, by failing to issue an adverse action notice when it denied credit to Plaintiff. (Compl. at ¶¶ 100-102.) The court in its previous order was unable to identify what specific adverse action was at issue, namely, the request that Plaintiff re-sign the contract or the repossession of the vehicle. (8/2/06 Order at 16.) The court noted that it was unable to fill in the gaps or identify what evidence was relevant to the FCRA claim and therefore denied both parties' motions for summary judgment. (*Id.*)

Defendant now argues that resolution of what Plaintiff means by adverse action is immaterial because in either event Plaintiff has failed to state a claim of adverse action based on her credit report in violation of the FCRA. (Def's Mot. at 8-11.) Plaintiff counters that the adverse action consisted of Defendant falsely promising Plaintiff unconditional credit and not giving it to her because of an unarticulated "condition precedent." (Pl.'s Resp. at 8.) It now appears to the court that the condition precedent, if there was one at all, was requesting Plaintiff to return a few days after the sale to sign

additional paperwork.  The parties' purchase agreement specifically states, under the heading "Protection of the Motor Vehicle and Credit," that Plaintiff as the buyer "will promptly sign, or cause others to sign, and give us any documents we reasonably request to perfect our security interest."  (Purchase Agreement, Pl.'s Resp. to Mot. for Summ. J. at Ex. 1.)  In light of the myriad provisions of the agreement, the court does not accept Plaintiff's description of the agreement as unconditional.

However, Plaintiff contends in her second affidavit that Defendant required more than mere paperwork after the sale to perfect a security interest.  According to her, she was called in to "sign new paperwork for a worse deal" that included a higher monthly payment because her financing did not go through due to Defendant charging too little for the vehicle.  (Pl.'s 2nd Aff. at ¶¶ 7, 22, Pl.'s Resp. to Mot. for Summ. J. at Ex. 20.)  She contends that she was not told that the viability of her agreement with Defendant hinged on whether Defendant could sell the contract to a bank.  (*Id.* at ¶ 6.)  Assuming the truth of these allegations, Defendant went beyond the four corners of the contract to change material terms of the original agreement.

Accordingly, the court is presented with a material question of fact regarding whether an adverse action occurred under the FCRA.  Specifically, the finder of fact must decide for what purpose Plaintiff was called back by Defendant and whether Defendant's conduct was an abuse of its access to Plaintiff's credit report.  As noted in the court's previous order and its analysis of *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971 (7th Cir. 2004), Plaintiff may have a cause of action.[1]

---

[1] This outcome is not inconsistent with the court's dismissal of Plaintiff's claim under the Equal Credit Opportunity Act ("ECOA").  The court concluded that the

3

Thus, there was no palpable defect the correction of which would alter the outcome of the previous order.  Neither party is entitled to summary judgment on Count III.

### B.  Count V - Motor Vehicle Sales Finance Act ("MVSFA")

Plaintiff's theory for this claim is that Defendant violated the MVSFA by failing to include all material terms of the sale in the installment contract, specifically whether the sale was final or conditional, and therefore Defendant had no right to repossession. (Pl.'s Resp. at 10-12.)  The statute requires such installment contracts to be in writing and to "contain all of the agreements between the buyer and the seller relating to the installment sale of the motor vehicle sold . . . ."  Mich. Comp. Laws § 492.112(a).  The court denied both parties' motions for summary judgment for failure to properly present their respective arguments.  (8/2/06 Order at 18.)  Plaintiff failed to cite any evidence or authority requiring Defendant to include in the original agreement the condition that Plaintiff return to re-sign any paperwork.  (*Id.*)  Defendant, meanwhile, did not support its conclusory statement that required information was disclosed in the agreement.  (*Id.*)

Defendant now appears to rest on the court's assessment of Plaintiff's earlier flawed argument, and contends that as a consequence summary judgment is appropriate because Plaintiff failed to set forth a duty that Defendant might have breached.  (Def.'s Mot. at 11-12).  This argument is specious.  A proper understanding of the procedural context dispenses with the argument in short order.

---

allegations and evidence did not show that Defendant violated ECOA by either discriminating against her on a prohibited basis or by discouraging her from obtaining credit.  (8/2/06 Order at 14.)  That conclusion, however, rested on evidence concerning the entering of the agreement, not the alleged subsequent conduct of Defendant to alter the agreement.

The court faced cross-motions for summary judgment.  As such, it decided whether either party met its burden to show no question of material fact.  In concluding that Plaintiff was not entitled to summary judgment, the court was not deciding, and did not need to decide, whether Plaintiff pleaded a viable action.  Rather, the court decided an altogether different matter.  By rejecting both parties' motions concerning Count V, the court was not bound to also find that Plaintiff did not meet the separate burden of adequately pleading duty.  Based upon the court's analysis of the competing accounts of why Defendant called Plaintiff in for more paperwork, and what the effect of that paperwork would have been, there is a question of fact for Plaintiff's MVSFA claim.  Namely, the finder of fact must determine which version to believe.  Therefore, Defendant has shown no palpable defect the correction of which would alter the outcome of the previous order.  Neither party is entitled to summary judgment for Count V.

### III.  CONCLUSION

IT IS ORDERED that the Defendant's August 14, 2006 "Motion for Rehearing and/or Reconsideration" [Dkt #58] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner

                                      Case Manager and Deputy Clerk
                                      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\04-74095.GILLOM.DenyReconsideration.wpd